Appeal Number: 12-13260-P

## IN THE UNITED STATES COURT OF APPEALS
## ELEVENTH CIRCUIT

ANTHONY JOSEPH FARINA,

     **Petitioner/Appellant,**

        **V**.

SECRETARY , FLORIDA DEPARTMENT
OF CORRECTIONS, ET. AL.

     **Respondent/Appellee**.
_____/

_____

### APPEAL FROM THE UNITED STATES DISTRICT COURT,
### MIDDLE DISTRICT OF FLORIDA-ORLANDO
### District Court No: 6:06-CV-1768
_____

### REPLY  BRIEF OF APPELLANT ANTHONY JOSEPH  FARINA
_____

MARIE-LOUISE SAMUELS PARMER
Fla. Bar No. 0005584
MARIA E. DELIBERATO
Fla. Bar. No. 664251
CAPITAL COLLATERAL REGIONAL
COUNSEL-MIDDLE REGION
Asst. CCRC-M
3801 Corporex Park Drive Suite 210
Tampa, Florida 33619
Phone # (813) 740-3544 ext. 114

# **TABLE OF CONTENTS**

TABLE OF CONTENTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

TABLE OF CITATIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF FACTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT 1  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT 2  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

ARGUMENT 3  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF FONT AND WORD COUNT  . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF SERVICE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# TABLE OF CITATIONS

## Constitutional Provisions

U.S. Const. amend V, which reads in pertinent part, " No person shall be held to answer for a capital . . . crime . . . nor be deprived of life, liberty or property, without due process of law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

U.S. Const. amend VI, which reads in pertinent part, " In all criminal prosecutions, the accused shall enjoy the right to a . . . trial by an impartial jury . . . and to have the Assistance of Counsel for his defence." . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

U.S. Const. amend VIII, which reads in pertinent part, "Cruel and unusual punishment [should not be] inflicted." . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

U.S. Const. amend XIV § 1, which reads in pertinent part, " No State shall make or enforce  any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

## Cases

Baldwin v. Reese,  541 U.S. 27, 124 S.Ct. 1347 (2004) . . . . . . . . . . . . . . . . . . . . . 2

Bennett v. Meuhler, 322 F.3d 573 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . 5

Brecht v. Abrahamson, 507 U.S. 619, 113 S.Ct. 1710 (1993) . . . . . . . . . . . . . . . 11

Cannon v. Gibson, 259 F.3d 1253 (10th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . 5

Coleman v. Thompson, 501 U.S. 722 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Darden v. Wainwright, 477 U.S. 168, 106 S.Ct. 2464 (1986) . . . . . . . . . . . . . . . 11

Donnelly v. DeChristoforo, 416 U.S. 637, 94 S.Ct. 1868 (1974) . . . . . . . . . . . . . 11

Duncan v. Henry, 513 U.S. 364, 115 S.Ct. 887 (1995) . . . . . . . . . . . . . . . . . . . . . 2

Eddings v. Oklahoma, 455 U.S. 104 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830 (1985) . . . . . . . . . . . . . . . . . . . . . . . 3

Farina v. State, 801 So.2d 44 (Fla. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 15

Farina v. State, 937 So.2d 612 (Fla. 2006) . . . . . . . . . . . . . . . . . . . . . 4, 5, 8, 9, 14

Ferrell v. State, 686 So. 2d 1324 (Fla. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Gray v. Netherland, 518 U.S. 152 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Harris v. Reed, 489 U.S. 255 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Heath v. Jones, 941 F.2d 1126 (11th 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308 (1983) . . . . . . . . . . . . . . . . . . . . . 3

Judd v. Haley, 250 F.3d 1308 (11th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954 (1978) . . . . . . . . . . . . . . . . . . . . . 14

McGahee v. Alabama Dept. of Corrections, 560 F.3d 1252 (11th Cir. 2009) . . . . 11

Palmes v. Wainwright, 460 So.2d 362 (Fla. 1984) . . . . . . . . . . . . . . . . . . . . . . . . 13

Parker v. Secretary Dept. Of Corrections, 331 F.3d 764 (2003) . . . . . . . . . 7, 8, 10

Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509 (1971) . . . . . . . . . . . . . . . . . . . . . . 2

Porter v. McCollum, 558 U.S.30 , 130 S.Ct. 447 (2009) . . . . . . . . . . . . . . . 15, 16

Romine v. Head, 253 F.3d 1349 (11th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . 10

Smith v. State, 400 So.2d 956 (Fla. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Sones v. Hargett, 61 F.3d 410 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Torres v. Secretary, Dept. Of Corrections, 336 Fed Appx. 924 (11th Cir. 2009)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Torres v. State,  779 So. 2d 393 (Fla. 2d DCA 2000) . . . . . . . . . . . . . . . . . . . . . 10

<u>United States v. Woodard</u>, 938 F.2d 1255 (11th Cir. 1991) . . . . . . . . . . . . . . . . . 10

<u>Urbin v. State</u>, 714 So.2d 411 (Fla.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

<u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495 (2000) . . . . . . . . . . . . . . . . . . 11

## **Statutes and Rules**

11th Cir. R. App. Pro 36 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

11th Cir R. App. Pro. I.O.P. 36 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## STATEMENT OF FACTS

Respondent states that the "District Court denied habeas relief on the 'Christian Bible' claim (claim 17) - on procedural default grounds." (Answer Brief, p. 16). While the District Court found that the State Court majority determined that the argument regarding prosecutorial misconduct during voir dire was procedurally barred, the District Court considered the argument regarding the prosecutor's use of the Christian Bible on the merits. (Dkt. P. 86-98).

Respondent summarizes the District Court's Order as to Claim 14 (Newly Discovered Evidence of the Co-Defendant/Triggerman's Life Sentence) by simply presenting a block quote of a single paragraph from page 72 of the District Court's Order that addresses proportionality. (Answer Brief, p. 16-17). The Respondent fails to include or summarize the seven pages of analysis of this claim, which is a claim of newly discovered evidence, *not* proportionality." (Dkt. 71, p. 66-73).

## ARGUMENT 1

Respondent's arguments as to this Claim demonstrate that Respondent misapprehends Farina's arguments. Respondent asserts that Farina has "never made" a Due process claim and "cannot raise it for the first time now." (Answer Brief, p. 22). Respondent is mistaken.

Farina fairly presented his federal constitutional claim to the State court by expressly referencing the federal constitution and the Due Process Clause and by

citing federal law that analyzed the issue under the Due Process Clause. A state prisoner fairly presents the federal nature of his claim to a state court when he cites in his state court pleadings federal cases or expressly references the provision of the federal constitution on which he is basing his argument. Baldwin v. Reese,  541 U.S. 27, 32, 124 S.Ct. 1347, 1351 (2004);  Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887 (1995); Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509 (1971).

In his State Habeas Petition, Farina expressly alleged that the prosecutor's conduct violated his federal constitutional right to Due Process and cited a federal case which applied a federal Due Process analysis to similar facts. (Ex. P, p. 22, 24-25). The State court was given the "opportunity to pass upon and correct" the violation of  Farina's federal constitutional rights.  Picard, 404 U.S. at 275. Farina also alleged the prosecutor's misconduct rose to the level of a federal Due Process violation in his pleadings to the Federal District Court and expressly cited the clearly established federal law Respondent alleges he failed to argue. (Dkt. 56, p. 53). Additionally, Respondent never argued to the District Court that Farina failed to raise a Due Process claim. His argument to the District Court regarding this Claim consisted of two paragraphs. (Dkt. 61, p. 71-72).

Respondent argues that Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308 (1983) is the "AEDPA-relevant case." (Answer Brief, p. 24.) However, in this non-capital, pre-Strickland case, the Court reversed a *per se* rule set by the lower court which held

that counsel has the duty to raise every non-frivolous issue identified by the client. Barnes, 463 U.S. at 753. Barnes offers little guidance to this Court's decision in this particular case.

Farina has established both deficient performance and prejudice. As Farina set out in his Principal Brief, a defendant has a right to effective assistance of counsel on appeal. Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830 (1985). Appellate counsel's failure to raise on appeal a claim of this magnitude was below prevailing norms. The prosecutor's conduct in this case was so outrageous that a reasonable attorney would have recognized the need to raise this issue, especially since this was a capital case involving an 18-year-old defendant. A review of the totality of the record, including the quality of the appellate brief and the merits of the issues raised and the issue not raised, demonstrates that appellate counsel's performance was deficient. [1] Counsel's Initial Brief was under the Florida Supreme Court page limit by approximately five pages and several pages were intentionally left partially blank. (Ex. G). Appellate counsel also failed to recognize the significance of presenting a federal claim in state court in order to preserve the issue for subsequent federal review.   By way of example, in Claims 2, 6, 7, and 8  of the Initial Brief,  counsel failed to cite any

---

[1]
Florida does not have a process to provide testimony or evidence as to an appellate attorney's decision making or review process. Claims of ineffective assistance of appellate counsel can only be raised through a State Habeas Petition in the Florida Supreme Court. Smith v. State, 400 So.2d 956, 960 (Fla. 1981).

federal law and some of the claims were summarily rejected without discussion (Ex. G, p. 42-46, 70-73, 73-78, 78-82; Dkt. 71, p. 59). Counsel's Supplemental Brief was a mere six pages and failed to state a federal claim. (Ex. I I; Dkt. 71, p. 56). *See also* Heath v. Jones, 941 F.2d 1126, 1131 (11th 1991) (In a capital appeal, an attorney must timely raise issues to avoid a procedural bar in subsequent proceedings. It is standard practice for capital attorneys to draft lengthy briefs averaging 194 pages, raising multiple issues.).

Respondent appears to suggest or argue that "with respect to the witness Davis component," this claim was procedurally barred and that the analysis of the *entire claim* "can end at this point." (Answer Brief, p. 22, 26-28). If this is Respondent's argument, it is misleading. This claim is not procedurally barred.

First, the District Court found that *only* the portion of the claim involving prosecutorial misconduct *during voir dire* was procedurally barred, not the entire claim. (Dkt. 71, p. 88-89). The District Court based this finding on footnote 8 in the State court opinion where the majority erroneously determined that Farina didn't "allege specific objectionable errors" regarding the prosecutor's misconduct during jury selection in his State Habeas. Farina v. State, 937 So.2d 612, 626, n. 8 (Fla. 2006). This was an unreasonable determination of the facts in light of the state court record. Farina set out in his Principal Brief to this Court that the District Court erred in this finding because Farina had alleged specific facts, quotes and record cites about

4

jury selection in his State Habeas Petition.  (Ex. P, p.17-18, n. 5, p. 43-44). (*See also* Principal Brief, p.36).

In further support of this argument, a careful reading of the Florida court's majority opinion demonstrates it is  internally inconsistent regarding the finding of a procedural  bar for the jury selection sub claim. In footnote 8, as addressed supra, the majority states that because Farina failed to allege specific objectionable errors about jury selection, the claim is insufficiently pled and procedurally barred. However, in  footnote 9, the majority  references Farina's factual allegations of misconduct during jury selection alleged in his State Habeas and then denies the misconduct during jury selection sub claim with a merits ruling. Farina v. State, 937 So.2d 612, 626, n. 9 (Fla. 2006). The State and District Courts unreasonably  found a procedural bar as to the jury selection sub claim in light of the state court record.

As to the entire claim, the State has failed to demonstrate that this Court should apply a procedural bar. Because procedural bar is an affirmative defense, the burden of proof lies with the state. Bennett v. Meuhler, 322 F.3d 573, 585 (9th Cir. 2003) (Recognizing a split in the circuit courts and adopting the approach of Cannon v. Gibson, 259 F.3d 1253, 1273 n.20 (10th Cir. 2001) and rejecting Sones v. Hargett, 61 F.3d 410 (5th Cir. 1995) and relying on Gray v. Netherland, 518 U.S. 152, 165 (1996)). Respondent has failed to meet his burden of proof.

"In habeas, if the decision of the last state court to which the petitioner

presented his federal claims fairly appeared to rest primarily on resolution of those claims, and did not *clearly and expressly* rely on an independent and adequate state ground, a federal court may address the petition." <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 (1991) (emphasis added). "[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case *clearly and expressly* states that its judgment *rests* on a state procedural bar." <u>Harris v. Reed</u>, 489 U.S. 255, 263 (1989) (emphasis added). This Court has applied a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state ground: 1) the last state court rendering judgment must clearly and expressly state that it is relying on a state procedural rule, 2) the state court's decision must rest entirely on state law grounds and not be intertwined with an interpretation of federal law, *and* 3) the state procedural rule must be adequate. <u>Judd v. Haley</u>, 250 F.3d 1308, 1313 (11th Cir. 2001). The adequacy requirement means the rule must be firmly established and regularly followed. <u>Id</u>. Respondent cannot demonstrate any of these three elements in this case.

In addressing an almost identical issue, this Court found that a claim raised as ineffective assistance of appellate counsel and fundamental error in a state habeas, and ruled on the merits by the Florida Supreme Court, was not barred for purposes of habeas review. <u>Parker v. Secretary Dept. Of Corrections</u>, 331 F.3d 764 (2003). In

<u>Parker</u>, the Florida Supreme Court had noted in passing that trial counsel had failed to preserve an objection to jury instructions for purposes of appeal. <u>Parker</u>, 331 F.3d at 771. The State argued that this passing reference in the Florida Supreme Court opinion amounted to a procedural bar. The petitioner in <u>Parker</u> argued that trial counsel's failure to preserve the issue for appeal did not amount to a procedural bar under Florida law and that his claim should be addressed as both an ineffective assistance of appellate counsel claim and a substantive fundamental error claim.

The <u>Parker</u> court considered a number of factors in finding that the claim was not procedurally barred, including that the Florida Supreme Court expressly found other issues raised by Parker to be procedurally barred, and that "Florida's law of fundamental error" allows a defendant to challenge an error as fundamental, even if trial counsel failed to preserve the issue for appeal. <u>Parker</u>, 331 F.3d at 772-73.  In support of this finding, the <u>Parker</u> court cited numerous Florida cases which held that "fundamental error could be corrected whenever the issue was presented, on direct appeal or in post-conviction proceedings." <u>Parker</u>, 331 F.3d at 773. Lastly, the <u>Parker</u> court opined, "It 'fairly appears' that the Florida Supreme Court's opinion in *Parker II* did not procedurally bar Parker's substantive challenge to the jury instructions. And any doubts we might have about the Florida Supreme Court's ruling must be settled by the plain statement rule; if the application of the procedural bar is not plainly stated in the opinion, we must decline to apply a procedural bar and instead address

7

the federal issue on the merits. The District Court therefore erred in applying a procedural bar to this claim, and we will proceed to address its merits." Parker, 331 F.3d at 775 (footnote and internal citations omitted).

Farina argued to the State court that the claim was properly preserved by objection at trial, but in the alternative, if the court found the claim was not preserved, he raised a fundamental error argument. (AA, Ex. P. p.12, 16, 20 n.6, p.21, p.25 "fundamentally unfair", 29-30). The Florida Supreme Court conducted an extensive merits analysis of this claim and relied on federal law in doing so. Farina v. State, 937 So.2d 612, 626-635 and n.9 (Fla. 2006). The court expressly addressed the fundamental error argument and found that the prosecutor's cross-examination and introduction of biblical authority did not amount to fundamental error. Farina v. State, 937 So.2d at 629 ("Anthony argues that the prosecutor's conduct was fundamental error.); and 632, 633 ("The prosecutor's conduct does not rise to the level of fundamental error.").

In further support of a finding that the claim is not procedurally barred, the Florida Supreme Court expressly found other claims to be procedurally barred. *See* Farina v. State, 937 So.2d 612, 617, n.4, and 625-26, n. 7 and 8, ("Many of his [3.851] claims are procedurally barred or legally insufficient, and therefore we deny them without discussion. FN4. [listing the procedurally barred claims]"; and, "most of these claims are procedurally barred or legally insufficient. FN7 [listing other

8

procedurally barred claims]. Other claims present merely conclusory arguments insufficient to raise an issue. FN8 [listing other procedurally barred claims, including a sub claim as addressed supra].").

Moreover, demonstrating that a procedural bar under these facts would not be firmly established and regularly followed, the Florida Supreme court cited Florida cases which considered on the merits arguments raising improper Biblical references to which no objection had been made below. *E.g.* Ferrell v. State, 686 So. 2d 1324 (Fla. 1996). In addition, the dissent in Farina addressed only the merits and did not argue that the majority rejected the claim as procedurally barred because, in fact, the majority did not. Farina v. State, 937 So. 2d 612, 626, n. 9 and 638-643 (2006).

The Florida Supreme Court did not make a "plain statement," or any statement for that matter, finding a procedural bar to Farina's claim regarding the introduction of Biblical authority through the cross-examination of Reverend Davis in support of imposition of a sentence of death. Rather, a divided court rendered an extensive merits ruling and extensive dissent. "It 'fairly appears' that the Florida Supreme Court's opinion in [Farina] did not procedurally bar [Farina's] substantive challenge to the [prosecutor's fundamentally unfair use of Biblical authority in support of a sentence of death]. And any doubts we might have about the Florida Supreme Court's ruling must be settled by the plain statement rule; if the application of the procedural bar is not plainly stated in the opinion, we must decline to apply a procedural bar and

instead address the federal issue on the merits." <u>Parker</u>, 331 F.3d at 775.

Respondent's reliance on <u>Torres v. Secretary, Dept. of Corrections</u>, 336 Fed Appx. 924 (11th Cir. 2009) (unpublished opinion) is misplaced. Torres failed to properly raise a claim of ineffective assistance of trial counsel which could have provided "cause" as to his failure to properly preserve the claim. <u>Torres</u>, 336 Fed. Appx. 924, at 928. *See also* <u>Torres v. State</u>, 779 So. 2d 393, 394 (Fla. 2d DCA 2000) (While appellant raised ineffective assistance of counsel, the court declined to address it because it was improperly raised on direct appeal). However, if this Court finds <u>Torres</u> and <u>Parker</u> to be in conflict, 11th Cir. R. App. Pro. 36-2 provides that while unpublished opinions may be cited as persuasive authority, they are not considered binding precedent. Thus, <u>Parker</u> would control. *See* 11th Cir. R. 36, I.O.P -2 (published opinions are considered binding precedent) and <u>United States v. Woodard</u>, 938 F.2d 1255 (11th Cir. 1991)("The law in this circuit is emphatic that 'only a decision by this court sitting *en banc* or the United States Supreme Court can overrule a prior panel decision.'").

Respondent also argues that <u>Romine v. Head</u>, 253 F.3d 1349 (11th Cir. 2001) provides no support as there was no "procedural default in <u>Romine</u>." (Answer Brief, p. 28-29). Respondent is mistaken. <u>Romine</u> provides support because in both cases trial counsel failed to object to the prosecutor's misconduct. And, like the Georgia State Court, the Florida Supreme Court majority did not rest its decision on a

procedural bar as argued extensively *supra*.

Respondent lastly argues that the District Court's conclusion is correct and presents a block quote from the District Court, highlighting the finding that it was the defense that introduced religion into the proceeding. (Answer Brief, p. 29). As argued extensively in Farina's Principal Brief, this is an unreasonable determination of the facts in light of the state court record. The prosecutor introduced religion into the proceedings in voir dire and during the presentation of his case-in-chief. Even if the State court properly found a procedural bar to the sub claim involving jury selection, which it did not, under a federal Due Process analysis involving prosecutorial misconduct, a court is required to consider the entire record. Darden v. Wainwright, 477 U.S. 168, 106 S.Ct. 2464 (1986); Donnelly v. DeChristoforo, 416 U.S. 637, 94 S.Ct. 1868 (1974); Brecht v. Abrahamson, 507 U.S. 619, 113 S.Ct. 1710 (1993). The state court was required to look to the full context of the proceeding.   '[W]here a legal standard requires a state court to review all of the relevant evidence to a claim, the state court's failure to do so is an unreasonable application of law under AEDPA." McGahee v. Alabama Dept. of Corrections, 560 F.3d 1252, 1262 (11th Cir. 2009) citing Williams v. Taylor, 529 U.S. 362, 417, 120 S.Ct. 1495 (2000).

Reviewing the full context of this proceeding, it is evident that the prosecutor's comments were neither isolated nor ambiguous. The prosecutor so carefully planned the improper cross-examination that he had made a copy of the verse of the Bible in

11

advance of the proceedings. He was thus able to hand the copy to Reverend Davis so that the jury would hear the text word for word from an ordained minister. At Farina's first trial, the jury voted by a mere seven to five majority to sentence him to death. He was not the actual killer and he presented extensive and compelling mitigation. At the second trial, the prosecutor was able to secure five additional votes in favor of death by relying on words of command from the Christian Bible. This record leaves no doubt that the prosecutor's conduct had a substantial and injurious effect on the jury's verdict. This Court should grant the Writ.

## ARGUMENT 2

Respondent's repeated references to Farina's newly discovered evidence claim as a "proportionality claim" is an attempt to avoid a merits ruling and application of clearly established federal law. (Answer Brief, p. 30 - 36). Respondent sets out a block quote from the Florida Supreme Court's opinion on direct appeal, describing the claim as "expressly one of proportionality," to misleadingly suggest the post conviction newly discovered evidence claim was treated by the Florida Supreme Court as a proportionality claim. (Answer Brief, p. 32-33). Respondent also inaccurately characterizes Farina's argument in post conviction, stating that the newly discovered evidence was, "according to Farina, pertinent to the **proportionality of his death sentence**. (AA, Exh. M, pp. 20-45)." (Answer Brief, p. 33 (emphasis in original)). A review of the pages of Farina's Initial Brief in post conviction makes it

clear that Farina **never** argued that the newly discovered evidence was "pertinent to the proportionality of his death sentence." (Ex. M, p. 20-45).

In  Florida, the State Supreme Court reviews all death sentences with other death sentences as part of its "proportionality" review. "Proportionality review compares the sentence of death with other cases in which a sentence of death was approved or disapproved." Palmes v. Wainwright, 460 So.2d 362, 364 (Fla. 1984). "Disparate treatment of accomplices, which may be a ground of mitigation, is an entirely separate matter." Id. Proportionality is an argument applied on direct appeal, as set out extensively in Farina's Initial Brief in post conviction. (Ex. M, p. 21-28). Farina had raised a proportionality claim on direct appeal which was denied. Farina v. State, 801 So.2d 44, 56 (Fla. 2001). In post conviction, Farina raised a different claim — that of newly discovered evidence — which is properly raised in post conviction.

 Respondent argued to the State post conviction court and the Florida Supreme Court that  Farina was merely re-raising in post conviction the proportionality claim that had been denied on direct appeal. (Ex. N, p.17-28). Farina repeatedly stressed to both  state courts that his claim was not a proportionality claim. (Ex. L3,  p. 497; Ex. M, p. 21-28). The Florida Supreme Court recognized and analyzed the claim as a Newly Discovered Evidence Claim. Farina v. State, 937 So.2d 612, 618-20 (Fla. 2006).

The District Court, likewise, recognized the claim was not a proportionality claim. In Ground 12 of his Habeas Petition, Farina raised a claim challenging the proportionality of his sentence. The District Court denied that claim and denied a COA. (Dkt.71, p. 55-58). However, as to Farina's claim (Ground 14) that the actual killer's life sentence on appeal rises to the level of newly discovered evidence, the District Court denied the claim but granted a COA. (Dkt. 71, p. 66-80, p. 119). The claims are separate and distinct and Respondent's attempt to paint them with the same brush is misleading.

Respondent also states: "In neither State proceeding did Farina argue the proportionality/newly discovered evidence claim as a federal constitutional claim." (Answer Brief, p. 34). This is inaccurate. Farina repeatedly raised the newly discovered evidence claim as a federal constitutional claim and squarely presented the federal constitutional nature of the claim to the state courts. (Ex. M, p. 20, argument heading citing the federal constitution; p. 22, referring to the United States Supreme Court and the Fourteenth and Eighth Amendments of the federal constitution; p. 23, citing Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954 (1978); p. 24-25, citing the United States Constitution and state and federal law; p. 28, citing the federal constitution). Respondent's argument is without merit.

Respondent does not address the merits of Farina's claim or the clearly established federal law cited in Farina's Principal Brief to this Court establishing the

right to present evidence in mitigation which a reasonable juror could find to have mitigating value. Farina stands on the arguments presented in his Principal Brief.

Respondent argues that the State Courts properly disregarded Jeffrey's testimony about the murder because Farina was the leader and planned the robbery, citing testimony from the re-sentencing. (Answer Brief, p. 36-40). However, in 2001, prior to the post conviction proceedings, the Florida Supreme Court affirmed the trial judge's finding that Anthony had established that he was merely "an accomplice in the capital felony committed by Jeffery (sic) and his participation was ***relatively minor*** . . " Farina v. State, 801 So.2d 44, 48-49 (Fla. 2001) (emphasis added). The State Courts cannot have it both ways.

Lastly, Respondent argues that Porter v. McCollum, 558 U.S.30 , – , 130 S.Ct. 447, 455 (2009), does not support Farina's argument that the State courts improperly reduced the mitigation of the actual killer's life sentence because it was the result of Jeffrey's age and a change in the law. (Answer Brief, p. 40-41). Both Respondent and the District court misapprehend Farina's argument. In Porter, the state post conviction court and the Florida Supreme Court unreasonably discounted to irrelevance Porter's mitigating evidence finding various reasons to discount each mitigating factor. The courts discounted Porter's military service because Porter had gone AWOL, the courts discounted the evidence of childhood abuse because Porter was 54 years old at the time of the crime, and the courts discounted the alcohol abuse

because the testimony was inconsistent. Porter, 558 U.S. at —, 130 S.Ct. at 451. The United States Supreme Court found these assessments unreasonable, noting, by way of example, that the evidence that Porter was AWOL was consistent with his theory of mitigation that the stress of war contributed to his mental illness. Id. at 455.

The State courts committed the same unreasonable assessment of Jeffrey's life sentence. It is unreasonable to reduce to irrelevance Jeffrey's life sentence. The fact that Jeffrey's life sentence was reduced because he was only 16 years old at the time of the crime and was ineligible for the death penalty as a matter of law is consistent with Anthony's mitigation that he was only 18 years old at the time of the crime, had the emotional maturity of a 14-year-old and suffered emotional and psychological damage as a result of severe neglect and physical and sexual abuse in childhood. "To conclude otherwise reflects a failure to engage with [the meaning and significance that the courts have ascribed to youth and immaturity in capital proceedings]." Id. "Youth is more than a chronological fact. It is a time and condition of life when a person may be most susceptible to influence and psychological damage. Our history is replete with laws and judicial recognition that minors, especially in their earlier years, generally are less mature and responsible than adults." Eddings v. Oklahoma, 455 U.S. 104, 115-116 (1982).

Anthony was a mere five months above the age wherein the courts have now prohibited the imposition of the death penalty. Under Florida law, a defendant's

youth is entitled to greater weight in mitigation the closer he is to the cut off of eligibility for the death penalty.  "[C]onsidering that it is the patent lack of maturity and responsible judgment that underlies the mitigation of  young age . . . the closer the defendant is to the age where the death penalty is constitutionally barred, the weightier this statutory mitigator becomes."  <u>Urbin v. State</u>, 714 So.2d 411, 418 (Fla.1998). Jeffrey's age, and the legal basis for his life sentence, are entirely consistent with Anthony's theory of mitigation.

## ARGUMENT 3

Farina stands on the merits of his Principal Brief.

## CERTIFICATE OF FONT AND WORD COUNT

Undersigned counsel certifies that this Reply Brief is in 14 point Times New Roman and excluding the table of contents, table of citations, and the certificates of counsel contains 4,177 words.

_____
_____MARIE-LOUISE SAMUELS PARMER
Florida Bar No. 0005584
Assistant CCC
CAPITAL COLLATERAL REGIONAL
COUNSEL-MIDDLE REGION
3801 Corporex Park Drive, Suite 210
Tampa, Florida 33619
(813) 740-3544 ext. 114
Counsel for Appellant

## CERTIFICATE OF SERVICE

We hereby certify that the foregoing Reply Brief of Appellant was electronically filed on December 27, 2012 with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF Appellate System. We certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system. We further certify that we mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-Appellate CM/ECF participant: Anthony Joseph Farina, DOC#684135, Union Correctional Institution, 7819 NW 228th Street, Raiford, FL 32026.

s/ Marie-Louise Samuels Parmer
MARIE-LOUISE SAMUELS PARMER
Florida Bar No. 0005584
Assistant CCRC
CAPITAL COLLATERAL REGIONAL
COUNSEL-MIDDLE REGION
3801 Corporex Park Drive, Suite 210
Tampa, Florida 33619
(813) 740-3544 ext. 114

s/Maria E. Deliberato
MARIA E. DELIBERATO
Florida Bar No. 664251
Assistant CCRC
CAPITAL COLLATERAL REGIONAL
COUNSEL-MIDDLE REGION
3801 Corporex Park Drive, Suite 210

Tampa, Florida 33619
(813) 740-3544 ext. 103
Counsel for Appellant